**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DALE ALAN CURTIS, #644162,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:09-CV-0881-L** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| **Respondent.[1]** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Connally Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Kenedy, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case, pending preliminary screening. On July 7, 2009, the magistrate judge issued a questionnaire to

---

[1]     The previously-named respondent in this action was Nathaniel Quarterman. On July 15, 2009, Rick Thaler succeeded Nathaniel Quarterman as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d), of the Federal Rules of Civil Procedure, he is "automatically substituted as a party."

Petitioner, who filed his answers thereto on August 12, 2009.

Statement of Case:  Petitioner does not challenge the validity of his underlying criminal conviction and sentence.  Rather, he seeks to attack two prison disciplinary violations, numbers 20080246809 and 20080246811, which he received at the Connally Unit.  On May 19, 2008, Petitioner was found guilty in cause number 20080246809 of threatening to inflict harm on an officer and failing to obey and order.  Punishment was assessed at 45 days of  recreation and commissary restrictions, reprimand, reduction in class from S-3 to L-2, and forfeiture of 100 days of good-time credits.  (Answer to Question 4).  On May 17, 2008, Petitioner was found guilty in cause number 20080246811 of possession of contraband, namely commissary items, and property stored in an unauthorized manner.  Punishment was assessed at 15 days of recreation and 30 days of commissary restrictions, and a reprimand.  (*Id.*).  Petitioner alleges that he exhausted his administrative remedies with regard to each disciplinary violation prior to filing this action.  (Answer to Questions 5 and 6).

In his timely petition for a writ of habeas corpus, Petitioner raises fourteen grounds for habeas relief.[2]

Findings and Conclusions:  The present petition is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings.  That Rule provides that "[i]f it

---

[2]       In disciplinary proceedings, the one-year period starts from date on which Petitioner was found guilty of the violation and learned of the loss of good time credits, although tolling is allowed during the pendency of grievance proceeding.  *See Kimbrell v. Cockrell*, 311 F.3d  361 (5th Cir. 2002).

Because Petitioner was convicted in Johnson County, *see infra*, Jurisdiction is proper in this court.  *See* 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000) (jurisdiction in prison disciplinary cases is proper in either the district where the prisoner is in custody or the district in which the state court convicted and sentenced him).

2

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner is not entitled to habeas relief.  Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action results in a sanction that will impinge upon a liberty interest.  *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").  In Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision, and those that otherwise directly and adversely affect release on mandatory supervision impinge upon a protected liberty interest, that is, a constitutional expectancy of early release.  *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Petitioner is not eligible for release to mandatory supervision.  While he fails to identify the convictions upon which he is presently confined within TDCJ, *(see* Pet. at ¶ 1-4, and answer to Question 1 of the magistrate judge's questionnaire), the court takes judicial notice of the attached Offender Information Detail, available on the TDCJ website.  Petitioner's objection in his August 20, 2009 pleading (Doc. #9) – that he has a "rights [sic] to be heard on the issues before the Court" regardless of his underlying criminal conviction – is unavailing in light of the well established Fifth Circuit precedent discussed *infra*.

3

Petitioner's TDCJ Offender Information Detail (attached hereto) reflects that in 1993 he was sentenced to ninety-nine years imprisonment for aggravated sexual assault of a child in Johnson County, Texas, in cause number 29341.  In that same case, Petitioner was also sentenced to twenty years imprisonment for seven charges of indecency with a child.

The mandatory supervision statute in effect in 1992, when Petitioner committed the above offenses, provided that "an inmate may not be released to mandatory supervision if the inmate is serving a sentence for ... a first degree felony under Section 22.021, Penal Code (Aggravated Sexual Assault)."  Tex. Crim. Proc. art. 42.18 § 8(c)(6) (West 1992).[3]  Since Petitioner is ineligible for mandatory-supervised release, the loss of good time credits in disciplinary case number 20080246809 does not implicate a protected liberty interest.  *Kimbrell,* 311 F.3d at 362; *Malchi,* 211 F.3d at 956-58.

Neither cell/other restriction nor the reduction in line-class status implicates due process concerns.  *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (commissary and cell restrictions do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (reduction in line-class status do not implicate due process concerns).  The same holds true with regard to any expectation for release on parole.  *See Madison*, 104 F.3d at 768 (holding that because it is entirely speculative whether a Texas prisoner will be released on parole, there is no constitutional expectancy to parole in Texas).

---

[3]        Texas revised statute also excepts from mandatory supervision individuals convicted of aggravated sexual assault.  *See* Tex. Govt Code § 508.149(a)(8) (West 2009).

4

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be summarily DISMISSED pursuant to Rule 4, of the Rules Governing § 2254 proceedings.

A copy of this recommendation will be transmitted to Petitioner.

Signed this 21st day of September, 2009.


WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE



NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

ATTACHMENT