IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DALE ALAN CURTIS, #644162**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:09-CV-0881-L** |
| | § | |
| **RICK THALER, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court are the Findings, Conclusions and Recommendation of the United States Magistrate Judge (the "Report"), filed September 21, 2009. Petitioner timely filed objections.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. United States Magistrate Judge Wm. F. Sanderson, Jr. found that the petition is subject to summary dismissal. Specifically, the magistrate judge found that Petitioner is not entitled to habeas relief because his petition relates to two prison disciplinary violations that do not raise due process concerns. The magistrate judge recommends summary dismissal of the habeas petition pursuant to Rule 4 of the Rules Governing § 2254 Proceedings.

Petitioner argues that his liberty interest is implicated by his habeas petition because his parole eligibility was extended as part of the disciplinary proceedings. The Fifth Circuit has specifically rejected this argument and held that "there is no constitutional expectancy of parole in Texas." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (citing *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991)). Accordingly, the court **overrules** Petitioner's objections to the magistrate judge's Report.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court therefore **dismisses** the writ of habeas corpus **with prejudice**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability. The court accepts and incorporates by reference the magistrate judge's report filed in this case in support of its finding that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[*] In the event that Petitioner files a notice of appeal, he will proceed *in forma pauperis* on appeal.

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

**(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**

**It is so ordered** this 14th day of December, 2009.

_____
Sam A. Lindsay
United States District Judge

**Order – Page 3**